**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BRIAN ASHER, Individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | Case No. 02 C 5608 |
| Plaintiff, | ) | |
| | ) | Hon. Blanche M. Manning |
| vs. | ) | |
| | ) | Hon. Arlander Keys |
| BAXTER INTERNATIONAL INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendants respectfully move for summary judgment in their favor. In support of this motion, defendants submit herewith a statement of material facts as to which they contend there is no genuine issue, a supporting memorandum of law, and an appendix of declarations, deposition testimony, and other evidence, and further state as follows:

1.     Plaintiffs in this action allege that during the period from November 5, 2001, through July 17, 2002, defendants Baxter International Incorporated ("Baxter"), Harry M. Jansen Kraemer, Jr., and Brian P. Anderson, issued public projections of Baxter's expected sales, earnings, and cash flow results for the full-year 2002 that were false and misleading, thereby inflating the price of Baxter's stock. (Amended Complaint (Docket No. 52) ¶¶ 2–6.) Plaintiffs assert that the alleged falsity of Baxter's *full-year* 2002 public projections was revealed on July 18, 2002, when Baxter announced results for its *second quarter* that fell below analyst expectations and its stock price declined. (*Id.* ¶¶ 7, 56, 57.)

2.     Based on these allegations, plaintiffs assert a claim against defendants for securities fraud pursuant to Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15

U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. (*Id.*, Count I.) Plaintiffs also assert a claim against Messrs. Kraemer and Anderson for controlling person liability pursuant to Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). (*Id.*, Count II.)

3.     Three separate grounds entitle defendants to summary judgment on plaintiffs' securities fraud claim:

(a)     First, there is no evidence that Baxter's public projections were false or misleading, *i.e.*, no evidence that Baxter's public projections lacked a reasonable basis when made or were not made in good faith. *See* Defendants' Memorandum of Law, Section I, A.

(b)     Second, there is no evidence that defendants acted with *actual knowledge* that Baxter's public projections were (allegedly) false and misleading—the scienter standard required under the second prong of the safe harbor for forward-looking statements enacted as part of the Private Securities Litigation Reform Act. *See* Defendants' Memorandum of Law, Section I, B.

(c)     Third, there is no evidence that the July 18, 2002, stock price decline for which plaintiffs seek to recover damages was caused by the revelation of the alleged fraud as opposed to unanticipated economic and market factors that occurred in the second quarter of 2002. There is, therefore, no evidence of loss causation. *See* Defendants' Memorandum of Law, Section I, C.

4.     The lack of any evidence that Baxter committed securities fraud mandates summary judgment in favor of Messrs. Kraemer and Anderson on plaintiffs' claim for controlling person liability under Section 20(a) of the Exchange Act because that claim is dependent on proof of a violation by Baxter, the alleged controlled person. *See* Defendants Memorandum of Law, Section II.

WHEREFORE, for the reasons set forth herein and in defendants' accompanying statement of material facts as to which they contend there is no genuine issue and memorandum of law, defendants respectfully request that the Court enter summary judgment in their favor.

Dated: June 6, 2008

Respectfully submitted,


/s/Matthew R. Kipp
Matthew R. Kipp
Donna L. McDevitt
Andrew J. Fuchs
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
333 West Wacker Drive
Suite 2100
Chicago, IL 60606
(312) 407-0700

Counsel for Defendants

## CERTIFICATE OF SERVICE

Matthew R. Kipp, an attorney, hereby certifies that on June 6, 2008, he caused true and correct copies of the foregoing Defendants' Motion for Summary Judgment to be served by messenger on Chicago counsel and by FedEx on out-of-state counsel at the addresses listed below, and that on August 29, 2008, he caused copies of the same to be served via the Court's ECF filing system on all counsel listed below:

> Marvin A. Miller, Esq.
> Matthew E. Van Tine, Esq.
> MILLER LAW LLC
> 115 S. La Salle Street
> Suite 2910
> Chicago, IL 60603
>
> S. Gene Cauley, Esq.
> J. Allen Carney, Esq.
> Marcus N. Bozeman, Esq.
> CAULEY BOWMAN CARNEY
>   & WILLIAMS PLLC
> 11311 Arcade Drive
> Suite 200
> Little Rock, AR   72221
>
> Barry A. Weprin, Esq.
> MILBERG LLP
> One Pennsylvania Plaza
> New York, NY 10019

> /s/ *Matthew R. Kipp*
> Matthew R. Kipp